[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-12797

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ISRAEL PEREZ-SANTIAGO,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:22-cr-00081-TPB-KCD-1

_____

_____

No. 23-12987

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ISRAEL PEREZ-SANTIAGO,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:23-cr-00072-TPB-KCD-1

_____

Before ROSENBAUM, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

Israel Perez-Santiago appeals his total sentence of 120 months' imprisonment, consisting of 96 months for illegal reentry and 24 months for violating his supervised release. Perez-Santiago

asserts his total sentence is substantively unreasonable because the court weighed his criminal history too highly and the district court's justification for the upward variance was insufficient. After review,[1] we affirm.

A district court abuses its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*). We will vacate a sentence "if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors[2] by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id*. at 1190 (quotation marks omitted). Though a major variance should be supported by a more

---

[1] When reviewing for substantive reasonableness, we consider the totality of the circumstances under a deferential abuse-of-discretion standard, whether the sentence was imposed within or outside the Guidelines range. *Gall v. United States*, 552 U.S. 38, 51 (2007).

[2] The factors include the need to reflect the seriousness of the offense, promote respect for the law, sufficiently punish the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the offense's nature and circumstances, the defendant's history and characteristics, the types of sentences available, the applicable Guidelines range, any pertinent policy statements from the Sentencing Commission, the need to avoid unwarranted sentencing disparities between similarly-situated defendants, and the need to provide restitution to any of the defendant's victims. *Id*. § 3553(a)(1), (3)-(7).

significant justification than a minor variance, the district court need not account for every § 3553(a) factor, nor must it discuss each factor and the role that it played in sentencing. *See Gall v. United States*, 552 U.S. 38, 50 (2007) (finding it uncontroversial that a major deviation should be supported by a more significant justification than a minor one); *United States v. McBride*, 511 F.3d 1293, 1297 (11th Cir. 2007) (stating a district court need not discuss each factor at sentencing).

A district court's decision to place "substantial weight" on a defendant's criminal history is consistent with the § 3553(a) factors because five of the factors relate to criminal history. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1263 (11th Cir. 2015). Even though Guidelines ranges incorporate a defendant's criminal history, a district court may properly find that the Guidelines range does not account for the nature of the prior offenses or the continuous pattern of criminal behavior. *Id.* at 1264. "We have upheld large upward deviations based solely on an offender's extensive criminal history." *United States v. Osorio-Moreno*, 814 F.3d 1282, 1288 (11th Cir. 2016).

Perez-Santiago's total 120-month sentence is substantively reasonable based on the egregious nature of the offense, his criminal history, and the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes. 18

23-12797            Opinion of the Court              5

U.S.C. §§ 3553(a) and 3583(e)(3).[3] In weighing the § 3553(a) factors, the district court determined more weight should be given to his criminal and immigration history, focusing on Perez-Santiago's numerous state-court convictions, repeated convictions for illegal reentry, repeated violations of his supervised release, and multiple deportations. *See Rosales-Bruno*, 789 F.3d at 1254 (11th Cir. 2015) (explaining the district court does not have to give all the factors equal weight and is given discretion to attach great weight to one factor over another); *Osorio-Moreno*, 814 F.3d at 1288. Specifically, it found Perez-Santiago needed a lengthy sentence because his prior sentences did not deter him from committing a fifth illegal reentry offense. The court did not abuse its discretion in ordering his sentences be served consecutively, as instructed under the Guidelines. U.S.S.G. § 7B1.3(f) (providing where a defendant is sentenced on an offense that serves as the basis of his revocation of supervised release, the court shall order the sentence to be served consecutive to the term for his revocation).

Perez-Santiago's argument his criminal history was not violent fails because the court did not base its upward variance on his

---

[3] When imposing a sentence upon revocation of supervised release, the district court considers the following § 3553(a) factors: the nature and circumstances of the offense; the defendant's history and characteristics; the sentences available and relevant sentencing range; the need to deter criminal conduct, protect the public, provide the defendant with training or other correctional treatment, avoid disparities between defendants, and provide for restitution; and any pertinent policy statements. *Id.* §§ 3583(e)(3), 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7).

violence or dangerousness, but instead on his disrespect for the law and extensive criminal and immigration history. While he asserts the court failed to consider unwarranted sentencing disparities, the court explicitly noted that Perez-Santiago's conduct was the most egregious offense conduct that it had seen. *Osorio-Moreno*, 814 F.3d at 1288. Finally, Perez-Santiago failed to explain how the court misunderstood the extent of the downward variance in his prior case.

Accordingly, we affirm Perez-Santiago's sentence.

**AFFIRMED.**